# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROGER D. WOOLEYHAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| CAPE HENLOPEN SCHOOL DISTRICT, et al., | : | NO. 10-153 |
| Defendants. | : | |

## MEMORANDUM REGARDING MOTION FOR RECONSIDERATION

Baylson, J.                                                                                          July 20, 2011

## I.     Introduction

On May 17, 2011, the Court issued a Memorandum and entered an Order granting several defendants summary judgment on various individual-capacity claims.[1] (Memo., ECF No. 199; Order, ECF No. 200.) Plaintiff Roger D. Wooleyhan ("Wooleyhan") seeks partial reconsideration of the Court's ruling – he asks the Court to reconsider its grant of qualified immunity to Defendants John Yore ("Yore") and Dianne Mrazeck ("Mrazeck") from his procedural due process claim (Mot., ECF No. 201.) He does not seek reconsideration of the Court's same decision with regard to Robert Maull ("Maull"). (Id.) After careful consideration of the parties' briefs and reconsideration of the Court's prior ruling, the Court will **deny** Wooleyhan's Motion.

---

[1] The Memorandum outlines the full history of this case, including an explanation of Wooleyhan's claims. These details will not be repeated here. (See Memo. at 2-13.)

-1-

## II. Standard of Review

Wooleyhan has filed a motion under Federal Rule of Civil Procedure 59(e) requesting the Court alter or amend its judgment. Yore and Mrazeck oppose the Motion (ECF No. 205), and Wooleyhan filed a reply (ECF No. 209). A judgment may be altered or amended if the moving party shows (1) an intervening change in controlling law, (2) the availability of new evidence that was not available when the court granted relief, or (3) the need to correct a clear error of law or fact to prevent manifest injustice. See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Wooleyhan relies on the third ground. (Reply at 2.)

## III. Parties' Contentions

In his Motion, Wooleyhan contends the Court erred in its analysis by failing to separately consider the conduct of each Defendant in its qualified immunity analysis. See Grant v. City of Pittsburgh, 98 F.3d 116, 122 (3d Cir. 1996) ("[C]rucial to the resolution of any assertion of qualified immunity is a careful examination of the record . . . to establish, for the purposes of summary judgment, a detailed factual description of the actions of each individual defendant . . . ."). He contends only Maull called Wooleyhan's parents and Yore and Mrazeck failed to advise Wooleyhan of his offenses. Further, Yore and Mrazeck should not be able to use Maull as a shield without evidence they instructed Maull to call or participated in the call with Wooleyhan's parents. Finally, even assuming notice to the parents was sufficient, Wooleyhan was still deprived of his opportunity to dispute the charges at a hearing because his parents were not in a position to dispute the charges and the after-the-fact parent meetings do not comply with Goss v. Lopez, 419 U.S. 565 (1975).

Yore and Mrazeck oppose Wooleyhan's Motion for several reasons. They contend a state

statute, Del. Code Ann. tit. 14, § 4112, extinguishes Wooleyhan's right to an education such that he is not entitled to due process. They then argue that even if the statute does not have that effect, Yore and Mrazeck are entitled to qualified immunity for relying on section 4112. Further, they argue they are entitled to qualified immunity for other reasons: there is no dispute of fact to allow a reasonable jury to find Yore and Mrazeck knew Maull gave Wooleyhan inadequate notice; it was reasonable for them to assume Maull gave Wooleyhan notice in light of Wooleyhan's written statement; and Yore and Mrazeck acted reasonably because they knew Maull called Wooleyhan's parents and then they met with Wooleyhan's parents.

In reply, Wooleyhan concedes it may be reasonable for administrators to provide notice to parents, but not if the parents are not in a position to dispute the accusations. In that case, the student is deprived of his opportunity to challenge the charges in a Goss hearing. Further, Goss mandates a hearing before removal except in limited circumstances, which do not exist in this case. Finally, he argues section 4112 cannot immunize Yore and Mrazeck because federal law defines the process due, not state law.

## IV. Discussion

At the outset, the Court acknowledges that Wooleyhan may have valid arguments with respect to the Court's qualified immunity analysis in light of Grant and Wooleyhan's contention that his parents could not have adequately disputed the charges. After reconsideration, the Court finds that even if a reasonable official could believe that notice to Wooleyhan's parents would comply with the notice requirement of Goss, a jury could find his parents were not in a position to dispute the charges. Thus, Wooleyhan arguably was deprived of the opportunity for the hearing required in Goss. Further, the Court agrees with Wooleyhan that the subsequent

meetings with Wooleyhan's parents, after he was removed from school, violate Goss's instruction to conduct a hearing prior to removal. See Goss, 419 U.S. at 582. Goss is clear that the hearing should precede removal except in limited circumstances, and Defendants did not argue on summary judgment that such limited circumstances existed or that they were aware Wooleyhan posed a continuing danger or ongoing threat. See id. at 582-83; (Summ. J. Memo., ECF No. 181, at 13-22).

Nevertheless, Wooleyhan's Motion has given the Court the opportunity to consider an alternative ground for summary judgment initially raised in Defendants' Summary Judgment Memorandum. Specifically, the Court concludes that Wooleyhan has failed to show a genuine dispute of material fact that would allow a reasonable jury to find Yore or Mrazeck acted with sufficient intent to warrant liability under § 1983.

### A. Legal Standards

In their original Motion for Summary Judgment, Defendants argued that Wooleyhan failed to show "a recognized liberty or property interest was intentionally or recklessly deprived without adequate procedures." (Summ. J. Memo., ECF No. 181, at 14 (citing Anspach v. City of Philadelphia, 503 F.3d 256, 261 (3d Cir. 2007)).) Although Anspach was a substantive due process case, see Anspach, 503 F.3d at 261-71, the Court concludes Defendants properly raised the issue of intent (Summ. J. Memo. at 14) and that Wooleyhan failed to show sufficient facts in the record to allow a reasonable jury to find Defendants acted with the requisite intent.

To succeed on a procedural due process claim, a § 1983 plaintiff must show, at minimum, gross negligence or recklessness. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009); see K.J. v. Div. of Youth & Family Servs., 363 F. Supp. 2d 728, 739-40

(D.N.J. 2005) ("The Third Circuit has permitted a cause of action based upon conduct which alleges gross negligence."). Ordinary negligence is not sufficient. Chambers, 587 F.3d at 196; see Daniels v. Williams, 474 U.S. 327, 332-33 (1986) (concluding "lack of due care" does not trigger due process protections). The party claiming a violation bears the burden of showing the requisite level of intent. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1278 (3d Cir. 1994).

Few courts, if any, have precisely defined "gross negligence" and "recklessness" in the context of a § 1983 claim for alleged violations of procedural due process. In other contexts, the Third Circuit has noted that gross negligence is a lower level of intent than tort-law recklessness, which in turn is lower than criminal-law recklessness or subjective deliberate indifference. See Ziccardi v. City of Philadelphia, 288 F.3d 57, 66 n.6 (3d Cir. 2002) (considering substantive due process claim based on liberty interest in bodily integrity). In Ziccardi, the Third Circuit concluded the proper standard for "gross negligence or arbitrariness that shocks the conscience" requires proof that the defendant consciously disregarded a great risk that serious harm would result from his or her conduct. See id. Actual knowledge of the risk may not be necessary where the risk is obvious. See Sanford v. Stiles, 456 F.3d 298, 310 (3d Cir. 2006) (discussing intent requirement of state-created danger theory for substantive due process claim).

According to other sources, gross negligence is "[a] conscious, voluntary act or omission in reckless disregard of a legal duty and the consequences to another party." Black's Law Dictionary 1062 (8th ed. 2004). Reckless disregard, in turn, is "conscious indifference to the consequences of an act." Id. at 506.

These standards require some conscious act by the defendant, that is some awareness of

his or her conduct (or lack thereof) and the wrong or harm that it may cause to another. With these standards in mind, the Court considers whether any genuine disputes of material fact exist that would allow a reasonable jury to find Yore or Mrazeck acted with gross negligence in violating Wooleyhan's right to procedural due process.[2]

**B.    Analysis**

After the opportunity to reconsider the record in this case, the Court concludes Wooleyhan has failed to show facts that would allow a jury to conclude the conduct of Yore and Mrazeck amounts to gross negligence. Because recklessness is a higher level of intent than gross negligence, the Court need not consider whether Defendants' conduct was reckless. See Ziccardi, 288 F.3d at 66 n.6 (noting gross negligence is lower level of intent than tort-law and criminal-law recklessness).

The Court identified the conduct of Yore and Mrazeck in the Factual Background section of its Memorandum as follows:

> "Mrazeck, an assistant principal, is the administrator who suspended Wooleyhan pending an investigation. She did not speak to any of the parties involved prior to suspending Wooleyhan and did not review any of the statements. According to Mrazeck, the suspension was 'open-ended' and '[c]ould have been for any number [of days].' Mrazeck issued a suspension notice, but did not include the basis for or the length of the suspension, did not provide copies of Jester's discipline referral, and did not advise Wooleyhan of his right to appeal. Mrazeck does not believe the video shows Wooleyhan elbow Jester.
> Yore, the principal at the time of the incident, testified that he spoke with Wooleyhan and Pineda on the date of the incident. Yore did not watch the video prior to Wooleyhan's suspension, instead relying on Jester's referral as the 'primary piece of evidence.' . . ."

(Memo. at 8-9 (citations omitted).) Relevant to this Motion, the Court concluded there was a

---

[2] The Court stated the appropriate standard of review for summary judgment in its Memorandum and will not repeat it here. (Memo. at 13-15.)

genuine dispute of material fact regarding whether Wooleyhan received notice of the accusations against him. (Id. at 27-28.) The Court rejected Defendants' argument Wooleyhan received constructive notice (id. at 27 n.15), and determined that Wooleyhan's and Maull's recollection of the events of October 24, 2008 did not support a finding that Wooleyhan received actual notice (id. at 28; see id. at 3 ("Wooleyhan does not mention meeting with Yore on October 24.")). Nonetheless, the Court noted that Maull informed Wooleyhan's mother of Wooleyhan's alleged conduct and that Yore and Mrazeck met with Wooleyhan's parents at subsequent meetings before finalizing the suspension. (Id. at 49.) Ultimately, the Court concluded Yore, Mrazeck, and Maull are entitled to qualified immunity for this claim, but did not consider their alternative argument that Wooleyhan could not show they acted with the requisite intent. (Id.; see Summ. J. Memo. at 14.)

Nothing else in the record would allow a reasonable jury to find that Yore and Mrazeck are guilty of anything more than ordinary negligence. Wooleyhan complains that they both failed to give him notice of the accusations against him and an opportunity to dispute the charges, despite knowing he disputed the charges. (Pl's Answering Br., ECF No. 184, at 4.) Further, and as previously indicated, Mrazeck did not indicate on Wooleyhan's suspension notice the reason for or the length of the suspension. (Sealed App., ECF No. 96, at 291.) Instead, Mrazeck suspended Wooleyhan "pending review." (Id.) In fact, he did not speak with either Yore or Mrazeck the entire day. (School Defs. App., ECF No. 180, at 12-13.) And when Mrazeck spoke with Wooleyhan's mother, she implied she had seen the video of the incident though she did not watch it until the following Monday. (Compare Pl.'s School Defs. App., ECF No. 184, at 165, with School Defs. App. at 61.)

Although Yore claims he spoke with Wooleyhan on October 24, 2008 (see Pl.'s School Defs. App. at 27), Wooleyhan does not mention meeting with him. Instead, Wooleyhan claims that Yore improperly delegated his duty to investigate and suspend. Assuming the truth of this claim, Yore intended someone to provide the notice and opportunity required under Goss. (See Pl.'s School Defs. App. at 19.) Goss, however, does not designate the proper "disciplinarian" in all cases, and actual authority is a matter of state law, not federal due process. See Goss, 419 U.S. at 582-84; Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 150 n.4 (3d Cir. 2005). This is not evidence that Yore consciously disregarded a risk of harm to Wooleyhan – because it indicates he intended someone to notify Wooleyhan (as required by Goss) – but that he may have negligently assigned the responsibility to someone who did not meet his expectations and then failed to follow-up.

Goss does not require Yore and Mrazeck to conduct as thorough an investigation as Wooleyhan suggests. See Goss, 419 U.S. at 583 ("To impose in each case even truncated trial-type procedures might well overwhelm administrative facilities . . . and . . . cost more than it would save in educational effectiveness."). Goss requires only "some kind of notice and . . . some kind of hearing. Id. at 579. Further, as the Court previously concluded, the additional fact of pending criminal charges does not change the requirements under Goss. (Memo. at 26-27.)

Whether Yore and Mrazeck acted unreasonably is a question of ordinary negligence. Although there is sufficient evidence in the record to allow a jury to conclude they acted unreasonably under the circumstances, Wooleyhan has not identified anything in the record that would allow a jury to find that Yore or Mrazeck acted with gross negligence by consciously disregarding their duties under Goss or consciously disregarding the risk of harm to Wooleyhan.

Rather, the record suggests Mrazeck believed Maull provided notice to Wooleyhan's parents and that Yore assigned other administrators to handle the situation. (Pl.'s School Defs. App. at 19, 73.) Although there is a genuine dispute whether Maull did provide notice, Wooleyhan points to nothing in the record to suggest Yore and Mrazeck acted with gross negligence. Rather, any failure resulted from oversight and a lack of communication: Yore thought Mrazeck or Maull would provide notice, Maull thought Yore or Mrazeck would provide notice, and Mrazeck thought Maull had already provided notice.

At most, and construed in the light most favorable to Wooleyhan, it appears both Yore and Mrazeck simply neglected their duties – not only under federal law, but also according to the school's disciplinary process. (See Pl's Answering Br. at 20-21.) But ordinary negligence does not establish a constitutional tort, see Chambers, 587 F.3d at 196, and failure to abide by school policy does not implicate constitutional concerns, see Shuman, 422 F.3d at 150 n.4. Wooleyhan may have benefitted from and been entitled to better process, but that does not make the process he did receive grossly negligent.

After a thorough review of the record, the Court concludes Wooleyhan has not shown a genuine dispute of material fact that Yore and Mrazeck acted with anything more than ordinary negligence. Therefore, Yore and Mrazeck are entitled to summary judgment on his § 1983 procedural due process claim.

## V. Conclusion

For the foregoing reasons, the Court will **deny** Wooleyhan's Motion for Reconsideration. An appropriate Order will follow.

O:\Todd\10-153 Wooleyhan v. Cape Henlopen (DE)\Wooleyhan - Mot to Reconsider Memo - FINAL.wpd